UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHN LEONARD,

    Petitioner,

                                                 Civil No: 07-CV-10836-DT
                                                 Honorable Patrick J. Duggan

v.

HUGH WOLFENBARGER,

    Respondent.
_____/

## OPINION & ORDER DENYING PETITIONER'S MOTIONS FOR
## (1) LEAVE TO CONDUCT DISCOVERY [DOC. 6 & DOC. 9],
## (2) RULE 6 DISCOVERY [DOC. 8], (3) AN EVIDENTIARY HEARING [DOC. 10],
## (4) APPOINTMENT OF COUNSEL [DOC. 10], AND
## (5) TO ENLARGE RESPONSE TIME [DOC. 16]

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 25, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT

On February 23, 2007, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenges his conviction in the Macomb County Circuit Court of assault with intent to murder, in violation of MICH. COMP. LAWS ANN. § 750.83. Petitioner has filed the following motions which are pending before the Court:

        (1)     Motion for Leave to Conduct Discovery, filed July 9, 2007 [Doc. 6];

(2) Motion for Rule 6 Discovery, filed July 9, 2007 [Doc. 8];

(3) Supplemental Motion for Leave to Conduct Rule 6 Discovery, filed August 2, 2007 [Doc. 9];

(4) Motion for Evidentiary Hearing, filed September 6, 2007 [Doc. 10]; and

(5) Motion to Enlarge Response Time for Filing Objections to Magistrate [Judge]'s Report and Recommendation, filed December 28, 2007 [Doc. 16].

In his motions, Petitioner also asks the Court to appoint counsel to assist him in discovery and the evidentiary hearing. Respondent filed an answer to the habeas petition on October 22, 2007, but has not responded to the above motions. Nevertheless, for the reasons stated below, the Court denies Petitioner's motions.

## Discussion

### Petitioner's Discovery Motions

In his discovery motions, Petitioner seeks discovery of the following: (1) the entire medical file of Paula Eva Primm, the victim, from Bi-County Community Hospital and Cottage Hospital; (2) an 8 x 11 color copy of Petitioner's arrest/booking photo; (3) the deposition of Dr. Raab of Bi-County Hospital; (4) the deposition of Dr. Ditchman of Bi-County Hospital; and (5) the deposition of Officer Holub from the Warren Police Department.[1] Except for the copy of his arrest/booking photo, Petitioner seeks the above

---

[1] Initially, Petitioner also sought the Attorney Grievance Commission's file on Petitioner's complaints about his trial attorney, Azhar Sheikh. Specifically, Petitioner wanted to obtain a copy of Mr. Sheikh's response to Petitioner's grievance. Petitioner

2

discovery because he believes it will negate the extent of the victim's injuries and therefore his intent to kill.[2] Petitioner also seeks this discovery to establish that his trial counsel was ineffective in failing to investigate the extent of the victim's injuries. Petitioner believes that his arrest/booking photo will support his claim that the victim attacked him first and that he acted in self-defense.

      The discovery process of the Federal Rules of Civil Procedure does not automatically extend to habeas corpus actions and a habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-97 (1997). Pursuant to Rule 6(a) of the Rules Governing § 2254 cases, a habeas petitioner's request for discovery is subject to a minimal standard of "good cause."[3] *Id*., at 904, 117 S. Ct. at 1797. Under this standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief . . ." *Id*. at 908-09, 117 S. Ct. at 1799. A district court does not abuse its discretion in denying a habeas

---

indicates in his motion for evidentiary hearing, however, that his request can be disregarded as he now has a copy of the response. (Doc. 10 at 1.)

    [2]According to the Michigan Court of Appeals' decision affirming Petitioner's conviction on direct review, Petitioner admitted that he beat the victim, but denied that he intended to kill her. *People v. Leonard*, No. 254492, at *1 (Mich. Ct. App. Dec. 29, 2005) (unpublished opinion).

    [3]The rule reads, in part: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . ." Rule 6(a) of the Rules Governing § 2254 Cases.

petitioner's request for discovery where the request simply is a "fishing expedition masquerading as discovery." *Stanford v. Parker*, 266 F.3d at 460.

With respect to Petitioner's arrest/booking photo, Petitioner's counsel did request and the State did provide a copy of the photo prior to trial. Petitioner contends, however, that the copy had been altered to conceal injuries to his face that he claims were caused by the victim hitting him with a bottle. Petitioner is seeking an "unaltered" photo to show that he acted in self-defense after the victim hit him and to support his claim that his trial counsel provided ineffective assistance in failing to seek and present evidence to support such a defense. There are at least two reasons why the Court concludes that Petitioner is not entitled to this discovery.

First, there was no evidence introduced at trial to suggest that Petitioner attacked the victim only after she hit him with a bottle. In fact, as the Michigan Court of Appeals stated in its decision affirming Petitioner's conviction on direct appeal: "[T]here is no indication that defendant actually pursued a self-defense theory at trial." *Leonard*, No. 254492, at *4. Second, even if Petitioner discovered evidence to support his claim that he assaulted the victim only after she hit him with a bottle and caused injury to his face, the Court cannot conclude that such evidence would entitle Petitioner to relief. As the evidence at trial established, Petitioner assaulted the victim only after he dragged her into another room and tied her up. Under Michigan law, a person acting in self-defense may not use more force than is reasonably necessary to fend off an attacker. *See, e.g., People v. Kemp*, 202 Mich. App. 322-23, 508 N.W.2d 184, 187 (1993). Finally, the Court does

not believe that Petitioner can establish that counsel's conduct was deficient simply because he failed to demand the photo earlier so that he could test its authenticity.

With respect to the victim's medical records, Petitioner believes that those records will confirm that:

> (1) she did not suffer a broken shoulder or forearm and only suffered one fracture to her arm that was pre-existing;
>
> (2) she did not suffer any knife wounds to her face or neck as a result of the assault and any incisions were part of corrective surgery which required stitches to close;
>
> (3) she did not suffer substantial blood loss and that any blood loss was due to her dislocated eye;
>
> (4) she suffered a broken nose and a possible broken jaw but that such injuries are consistent with being punched three times in the face by a large person;
>
> (5) she did not have eight of her "natural" teeth knocked out or broken;
>
> (6) there were no bumps, bruises, or contusions to her head which would be evident if repeatedly punched or kicked;
>
> (7) she did not require any surgeries after trial;
>
> (8) she only was hospitalized for four days, not eleven to twelve days or two weeks.

(Doc. 8 at 7-11.) Petitioner believes that this evidence could have been used at trial to undermine the extent of the victim's injuries and therefore Petitioner's intent to kill her. Petitioner asserts that his counsel's failure to obtain the records prior to trial thus consisted ineffective assistance.

Many of the facts that Petitioner believes the victim's medical records would have established, however, were presented to the jury through other testimony and/or exhibits. For example, as the Michigan Court of Appeals noted, a doctor who testified at trial "established several facts in defendant's favor, including . . . a lack of injury to Primm's skull or vital organs, a lack of stab wounds, a lack of any indication that Primm lost an unusually large amount of blood, and the fact that the lacerations Primm received could have come from fingernails rather than a knife." *People v. Leonard*, No. 254492, at * 6 (Mich. Ct. App. Dec. 29, 2005). The victim admitted at trial that the cuts she received were minor and a doctor who treated the victim after the assault testified that she required extensive facial surgery, thereby suggesting that any incisions were part of corrective surgery. *Id*. at 3. Moreover, photographs of the victim that were taken upon her arrival at the hospital were introduced at trial. Further, as Petitioner acknowledges in his motion, the victim admitted that she only spent four days hospitalized and that she had a broken arm before Petitioner's assault. Finally, it is speculative– and the Court presumes unlikely– that the conclusion will be drawn in the victim's medical records that her broken nose and jaw were consistent with being punched three times in the face by a large person or that she was not repeatedly punched and kicked because she did not suffer bumps, bruises, or contusions to the her head.

Thus, the Court cannot conclude that production of the victim's medical records will demonstrate that Petitioner is entitled to relief. The Court therefore denies Petitioner's request for discovery with respect to those records.

Turning to the deposition testimony of Dr. Raab, Dr. Ditchman, and Officer Holub, Petitioner indicates that these individuals were designated as witnesses on the prosecution's witness list but were not called to testify and that the State's failure to call them as witnesses violated his constitutional rights under the Due Process Clause and Confrontation Clause. Petitioner believes that these individuals possess information that would have been favorable to his defense. The Court denies Petitioner's request for discovery with respect to these individuals for two reasons.

First, Petitioner's basis for requesting the depositions of these individuals is vague and speculative. Petitioner only believes that Dr. Raab, the doctor who examined the victim at Bi-County Hospital following the assault, "could have denied the existence of several of [the injuries the victim claimed to have suffered as a result of the assault]." (Doc. 8 at 24.) Similarly, Petitioner fails to indicate why he "believes" that Dr. Ditchman, the victim's attending physician "would have some (favorable) facts which would not be known to Dr. Raab in regard to the injuries and treatment of the complainant . . .." (Doc. 9 at 7.) As to Officer Holub, who responded to the victim's residence on the day of the assault, Petitioner merely supposes that he "may be able to shed light on several unanswered questions." (Doc. 8 at 26-27.) Thus, Petitioner's request constitutes nothing more than a "fishing expedition."

Second, there is no merit to Petitioner's claim that his constitutional rights were violated as a result of the prosecution's failure to call these individuals as witnesses. A prosecutor is not bound to call every witness listed on his or her witness list. *See United*

7

*States v. Robinson*, No. 06-1800, 2007 WL 4153412, at * (6th Cir. Nov. 19, 2007) (unpublished opinion) (finding no merit to the defendant's contention that the prosecutor engaged in misconduct when he included individual on his witness list read to the prospective jurors during voir dire and did not call individual as witness at trial); *Moon v. Luoma*, – F. Supp. 2d. – , 2007 WL 2463235, at *6 (E.D. Mich. Aug. 28, 2007) (citing *United States v. Morgan*, 757 F.2d 1074, 1076 (10th Cir. 1985) ("[T]he Confrontation Clause is not a guarantee that the prosecution will call all the witnesses it has against the defendant.") Pursuant to Michigan law, a prosecutor is required to provide a defendant with a list of witnesses who "might" be called at trial. MICH. COMP. LAWS ANN. § 767.40a.

Thus Petitioner fails to establish "good cause" for his request to take the depositions of Dr. Raab, Dr. Ditchman, and Officer Holub and his request for this discovery therefore is denied.

**Petitioner's Motion for an Evidentiary Hearing**

Petitioner seeks an evidentiary hearing in order to demonstrate that his trial counsel was ineffective. A federal habeas court may not conduct an evidentiary hearing where the petitioner failed to develop the factual record in state court, unless the petitioner establishes the following:

>  (A) the claim relies on–
>
>  (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). This Court may not grant Petitioner's request for an evidentiary hearing because he failed to exercise due diligence to develop a factual record in the state trial court. As the Michigan Supreme Court has held, a defendant must seek an evidentiary hearing at the trial court level in order to advance claims that depend on matters not of record on appeal. *People v. Ginther*, 390 Mich. 436, 434-44, 212 N.W.2d 922, 925 (1973). While Petitioner indicates that he filed a motion to remand to conduct an evidentiary hearing in the Michigan Court of Appeals, the record does not suggest that he ever moved for an evidentiary hearing in the trial court. Additionally, this Court does not believe that the facts Petitioner seeks to develop through an evidentiary hearing will establish "by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found [him] guilty . . ." 28 U.S.C. § 2254(e)(2).

## Request for Appointment of Counsel

In his motions for an evidentiary hearing and discovery, Petitioner also asks the Court to appoint counsel to assist him during the evidentiary hearing and discovery process. In light of the Court's denial of Petitioner's requests for discovery and an evidentiary hearing, the Court denies his request for appointment of counsel.

**Petitioner's Motion to Enlarge Response Time for Filing Objections to Magistrate Judge's Report and Recommendation**

In this motion, Petitioner seeks an additional thirty days to file objections to any report and recommendation that a magistrate judge issues with respect to his application for habeas relief. Petitioner states that he did not receive a copy of Respondent's answer to his habeas petition until fifty-four days after it was filed and he therefore was not able to file a reply within the allotted time (45 days). Petitioner is concerned that his receipt of a report and recommendation also will be delayed, thus preventing him from filing timely objections.

A decision with respect to Petitioner's application for a writ of habeas corpus will be decided by the undersigned. Thus a magistrate judge will not prepare a report and recommendation in this case. Therefore, Petitioner's motion to enlarge response time for filing objections is denied.

## Conclusion

In summary, the Court concludes that Petitioner has not established good cause for conducting the discovery that he seeks in his discovery motions. Petitioner also is not entitled to an evidentiary hearing. At this juncture, the Court will not enlarge the time for Petitioner to file a motion responding to any decision on the merits of his habeas petition.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion for Leave to Conduct Discovery [Doc. 6] is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's Motion for Rule 6 Discovery [Doc. 8] is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's Supplemental Motion for Leave to Conduct Rule 6 Discovery [Doc. 9] is **DENIED**;

**IT IS FURTHER ORDERED**, Petitioner's Motion for Evidentiary Hearing, which includes his request for the appointment of counsel [Doc. 10] is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's Motion to Enlarge Response Time for Filing Objections to Magistrate's Report and Recommendation [Doc.16] is **DENIED**.

                        s/PATRICK J. DUGGAN
                        UNITED STATES DISTRICT JUDGE

Copies to:
Joseph J. Leonard, #211548
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442

Heather S. Meingast, Esq.