UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHN LEONARD,

      Petitioner,

v.                                      Case No. 07-10836
                                      Honorable Patrick J. Duggan

HUGH WOLFENBARGER,

      Respondent.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 16, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Petitioner, a Michigan prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his January 14, 2004 conviction of assault with intent to murder in violation of Michigan Compiled Laws Section 750.83, following a jury trial in the Circuit Court for the County of Macomb, Michigan. On February 25, 2004, the trial court sentenced Petitioner to a term of imprisonment of 135 months to 20 years. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence on December 29, 2005. *People v. Leonard*, No. 254492, 2005 WL 3556116 (Mich. Ct. App. Dec. 29, 2005) (unpublished opinion). The Supreme Court denied Petitioner's application for leave to appeal on July 31, 2006. *People v. Leonard*, 476 Mich. 855, 717 N.W.2d 887 (2006). On February 23, 2007,

Petitioner filed his petition for a writ of habeas corpus.

Petitioner asserts six grounds in support of his request for habeas relief, which he summarizes as follows:

> 1. . . . The prosecutor presented insufficient evidence to support a finding that Mr. Leonard was guilty beyond a reasonable doubt of assault with intent to commit murder, because evidence that Mr. Leonard specifically intended to kill was lacking.
>
> 2. . . . Petitioner was deprived of the effective assistance of counsel at trial due to counsel's (a) failure to investigate (b) failure to file a motion for discovery (c) failure to raise a substantial defense (d) failure to obtain the services of an independent/defense medical expert (e) failure to object (f) failure to obtain and present [his] arrest/booking photo (g) failure to impeach key prosecution witnesses with prior inconsistent statements and testimony [and] (h) failure to request jury instructions on lesser included offense.
>
> 3. . . . The trial judge denied the defendant his right to a fair trial and right to effective assistance of counsel by informing him to "either accept this appointed counsel or represent yourself" thereby refusing to even consider any future request for substitution of counsel, regardless of "good cause showing."
>
> 4. . . . Petitioner was denied his state and federal constitutional rights to present a defense, to a fair trial and his right to confrontation, where the trial judge refused his request to recall two key prosecution witnesses to impeach them with their prior inconsistent statements and testimony.
>
> 5. . . . The Court reversibly erred by admitting expert testimony which was unreliable, speculative, and which failed to assist the trier-of-fact in understanding the evidence or determining a fact in issue as required

> under [Michigan Rules of Evidence] 403, 702, and 703.
>
> 6. . . . The prosecutor denied Petitioner a fair trial by "testifying" as to facts not in evidence.

Respondent filed an answer to the petition on October 22, 2007, arguing that Petitioner's claims lack merit or are procedurally defaulted. On January 7, 2009, this Court referred the matter to Magistrate Judge Mona K. Majzoub for a report and recommendation with respect to the petition.

On January 20, 2010, Magistrate Judge Majzoub issued her Report and Recommendation (R&R), in which she recommends that this Court deny Petitioner's application for a writ of habeas corpus. Magistrate Judge Majzoub concludes that there is no merit to the grounds raised in the petition. At the conclusion of her R&R, Magistrate Judge Majzoub advises the parties that they must file any objections to the R&R within ten days after service upon them. After obtaining an extension of time, Petitioner filed objections to the R&R on February 23, 2010.

**Standard of Review**

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Halter*, 131 F. Supp. 2d at 944 (citations omitted).

**Analysis**

Petitioner asserts twenty-one objections to the R&R which relate to five of his six

grounds for habeas relief. Petitioner does not challenge Magistrate Judge Majzoub's analysis of his third ground for relief in which he claims that he was denied a fair trial and effective assistance of trial counsel when the trial judge refused to consider any future request to substitute counsel.

For the most part, Petitioner's objections restate the arguments that he raised in his petition and reply brief in support of his petition. The Court believes that Magistrate Judge Majzoub correctly and adequately addresses Petitioner's arguments. Therefore, except as set forth below, the Court finds it unnecessary to readdress those arguments here.

**Objection No. 1**

Petitioner objects to Magistrate Judge Majzoub's analysis of his sufficiency of the evidence claim because a "majority" of the evidence supporting an intent to kill is based on the testimony of the victim, Paula Primm, and Barry Harms, Primm's friend who interrupted the assault. Petitioner contends that Magistrate Judge Majzoub "is only considering one side of the record. The State's side." (Obj. at 3.)

As Magistrate Judge Majzoub correctly set forth, however, in evaluating a sufficiency of the evidence claim, a federal court must view the evidence in the light *most favorable to the prosecution*. (R&R at 4 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).) The habeas court does not re-weigh the evidence or make credibility assessments of the witnesses. (*Id*. (citing *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).) Viewing the evidence introduced at trial in this manner, this Court agrees

4

with Magistrate Judge Majzoub and the state appellate court that there was sufficient evidence of an intent to kill to support Petitioner's conviction.

**Objections Nos. 2-9**

Petitioner contends that his trial counsel was ineffective in failing to conduct further investigation and obtain discovery materials which he claims would have undermined the extent of the victim's injuries and supported a self-defense claim. As Magistrate Judge Majzoub accurately indicated, however, many of the facts Petitioner believes would have been established through this investigation and discovery already were presented to the jury at trial. For example, Dr. Sweeney testified that heroin was detected in the victim's body and that cuts to the victim's face could have come from fingernails. (1/13/04 Tr. at 13, 15.) Joseph Claybaugh testified that Petitioner had blood on his face and was bleeding from his face. (1/9/04 Tr. at 33, 35.) Finally, the victim testified that she was in the hospital for only four days following the incident (1/8/04 Tr. at 154) and Mr. Harms testified that the victim's arm was broken before the incident. (*Id*. at 136.)

Additionally, Petitioner merely speculates that favorable facts would have been uncovered through trial counsel's further investigation and discovery requests. There is no support for Petitioner's belief that the victim's medical records or the testimony of her attending physician would have shown that her injuries were less severe than described by the witnesses at trial. Further, the police reports Petitioner claims his trial counsel should have obtained and introduced into evidence contain details regarding the events

5

that are prejudicial to Petitioner but were not otherwise introduced into evidence. For example, one witness described seeing a large knife in Petitioner's pocket when he fled the scene.

In any event, the discovery Petitioner seeks would not have contradicted the evidence introduced at trial which established that he bound and gagged the victim, then beat her to some degree, that there were knives in the room, and that Petitioner threatened to kill her. Thus, even if Petitioner had shown that the victim's injuries were less severe as the victim and other witnesses described and that he had some injuries to support his claim that the victim first hit him on the head with a liquor bottle, his self-defense claim would have failed. Therefore, even if defense counsel's performance was deficient based on his failure to conduct further investigation or obtain discovery, any deficiency did not prejudice Petitioner's defense.

### Objection Nos. 10 and 12-17

Petitioner disagrees with the State courts' and Magistrate Judge Majzoub's conclusion that any discrepancies between the victim's and Mr. Harm's trial testimony and their prior statements were inconsequential and therefore any error in trial counsel's failure to recall them and use those statements to impeach them was harmless. This Court agrees with the State courts' and magistrate judge's analysis. Notably, many of the prior statements that Petitioner believes should have been introduced to impeach Mr. Harms and the victim included facts that were more harmful to Petitioner than their statements at trial.

**Objection No. 11**

Petitioner objects to the State court's and Magistrate Judge Majzoub's conclusion that he failed to overcome the presumption that his trial counsel "strategically chose" not to request a jury instruction on lesser included offenses. Petitioner maintains that because his trial counsel did not conduct a sufficient investigation and request certain discovery, he could not have made a "strategic" decision. Petitioner argues that the evidence his trial counsel should have uncovered– such as medical records showing that the victim's injuries were not severe– would have undermined an intent to kill.

As an initial matter, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984). Moreover, there is a strong presumption that counsel's decisions are based on sound trial strategy. *Id*. What Petitioner fails to recognize is that the evidence he claims his counsel should have obtained only further *supports* the Michigan Court of Appeals' conclusion that his counsel made a strategic decision. As the Michigan Court of Appeals stated in its opinion, "[t]he evidence concerning defendant's intent to kill was not as dramatic and overwhelming" as the evidence that he intended to do great bodily harm to the victim. *Leonard*, 2005 WL 3556116, at *2. Thus it is reasonable to conclude– as the Michigan Court of Appeals did– that counsel made the strategic decision to obtain an acquittal by having the jury instructed on the intent to kill charge only, rather than taking the probable risk that the jury would find Petitioner guilty on a lesser included offense. The State court's decision that trial counsel did not render deficient performance in failing to

request an instruction on a lesser include offense therefore was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

**Objection Nos. 18 and 19**

These objections relate to the admission of Dr. Sweeney's testimony which Petitioner claims the trial court erred in admitting without the introduction of supporting evidence (i.e. the victim's medical records). The Michigan Court of Appeals found the issue unpreserved and therefore reviewed for plain error affecting substantial rights. *Leonard*, 2005 WL 3556116, at *6. Magistrate Judge Majzoub found the issue procedurally defaulted but nevertheless concluded that the claim was not cognizable on habeas review because it was based on an alleged violation of state evidentiary rules and Petitioner failed to demonstrate that the ruling was so egregious that it violated Petitioner's due process rights. (R&R at 18-19.)

In his eighteenth objection, Petitioner claims that Magistrate Judge Majzoub erred in concluding that the Michigan Court of Appeals treated the issue as procedurally defaulted.[1] In his nineteenth objection, Petitioner argues that the magistrate judge misunderstood the basis of his claim. Petitioner contends that the withholding of the victim's medical records did not simply violate Michigan evidentiary rules, but also the following Supreme Court precedent: *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and *Chambers v. Mississippi*, 410 U.S. 284 (1973).

---

[1]For the reasons that follow, the Court finds it unnecessary to address this objection.

As asserted in his objection, Petitioner's claim was not exhausted in the State courts. In the Michigan Court of Appeals and Michigan Supreme Court, he only argued that the admission of Dr. Sweeney's testimony violated the Michigan Rules of Evidence.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), a petitioner must exhaust his or her remedies in state court before a federal court may grant habeas relief. 28 U.S.C. § 2254(b)(1). "In other words, the state prisoner must give the state courts an opportunity to act on his [or her] claims before he [or she] presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A prisoner must "fairly present" his or her claims "in each appropriate state court (including a state supreme court with powers of discretionary review) . . . ." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). A petitioner "fairly presents" his or her habeas claims to the state courts "by citing a provision of the Constitution, federal decisions using federal constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). ". . . [T]he state court system must have been apprised of the facts and *legal theory* upon which the petitioner bases his assertion." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987) (internal quotation marks and citation omitted) (emphasis in original). The Court therefore will not consider Petitioner's unexhausted claim.

**Objections 20 & 21**

In objection 20, Petitioner objects to Magistrate Judge Majzoub's finding that Petitioner procedurally defaulted his prosecutorial misconduct claim. Magistrate Judge Majzoub nevertheless evaluated the merits of Petitioner's claim and, in objection 21, Petitioner objects to the magistrate judge's conclusion that the claim lacks merit because the prosecutor's allegedly improper comments were limited to one isolated incident. Petitioner points to one additional remark by the prosecutor that he claims was improper and constituted prosecutorial misconduct. Specifically, Petitioner claims that the prosecutor suggested during his questioning of Dr. Sweeney that the victim lost eight natural teeth (instead of her denture) during the assault.

Even assuming that this line of questioning was improper, this Court cannot conclude that it was so egregious so as to render the entire trial fundamentally unfair. *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355-56 (6th Cir. 1993). Therefore, the Court agrees with Magistrate Judge Majzoub that Petitioner's prosecutorial misconduct claims lacks merit.

## Conclusion

For the reasons set forth above and in Magistrate Judge Majzoub's R&R, the Court finds no merit to Petitioner's objections to the R&R and concurs with the magistrate judge that Petitioner's claims in support of his request for habeas relief lack merit.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is **DENIED**.

s/PATRICK J. DUGGAN
					UNITED STATES DISTRICT JUDGE

Copies to:
Joseph John Leonard, #211548
Carson City Correctional Facility
10274 Boyd Road, P.O. Box 5000
Carson City, MI 48811

Heather S. Meingast, Esq.

Magistrate Judge Mona K. Majzoub