UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHN LEONARD,

       Petitioner,                         Civil Case No. 07-10836
                                            HONORABLE PATRICK J. DUGGAN

v.

HUGH WOLFENBARGER,

       Respondent,

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner Joseph John Leonard ("Petitioner") has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction in the

Michigan courts of assault with intent to murder.  In an opinion and order filed on April

16, 2010, this Court denied Petitioner's request for habeas relief.  Petitioner seeks to

appeal the Court's decision with respect to five of the six issues presented in his habeas

petition.  He therefore filed a motion for a certificate of appealability from this Court on

May 14, 2010.  28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a

petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C.

§ 2253(c)(2).  As the Supreme Court has stated:

> ". . . the petitioner need not show that he should prevail on the
> merits.  He has already failed in that endeavor.  Rather, he
> must demonstrate that the issues are debatable among jurists
> of reason; that a court *could* resolve the issues [in a different
> manner]; or that the questions are adequate to deserve

encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983) (quoting

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)) (emphasis added and internal

citation and quotation marks omitted).  As the Supreme Court more recently stated, when

a district court denies a habeas petition on the merits of the claims presented, a certificate

may issue if the petitioner demonstrates that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*,

529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

This Court dismissed Petitioner's application for a writ of habeas corpus, finding

no merit in the grounds presented.  Petitioner raised the following claims in support of his

petition:

> 1. . . . The prosecutor presented insufficient evidence to support a finding that Mr. Leonard was guilty beyond a reasonable doubt of assault with intent to commit murder, because evidence that Mr. Leonard specifically intended to kill was lacking.
>
> 2. . . . Petitioner was deprived of the effective assistance of counsel at trial due to counsel's (a) failure to investigate (b) failure to file a motion for discovery (c) failure to raise a substantial defense (d) failure to obtain the services of an independent/defense medical expert (e) failure to object (f) failure to obtain and present [his] arrest/booking photo (g) failure to impeach key prosecution witnesses with prior inconsistent statements and testimony [and] (h) failure to request jury instructions on lesser included offense.
>
> 3. . . . The trial judge denied the defendant his right to a fair trial and right to effective assistance of counsel by

informing him to "either accept this appointed counsel or represent yourself" thereby refusing to even consider any future request for substitution of counsel, regardless of "good cause showing."

4.    . . . Petitioner was denied his state and federal constitutional rights to present a defense, to a fair trial and his right to confrontation, where the trial judge refused his request to recall two key prosecution witnesses to impeach them with their prior inconsistent statements and testimony.

5.    . . . The Court reversibly erred by admitting expert testimony which was unreliable, speculative, and which failed to assist the trier-of-fact in understanding the evidence or determining a fact in issue as required under [Michigan Rules of Evidence] 403, 702, and 703.

6.    . . . The prosecutor denied Petitioner a fair trial by "testifying" as to facts not in evidence.

Petitioner is not seeking to appeal the court's decision with respect to his third ground for relief. In his second ground for relief, Petitioner asserted that his trial counsel was ineffective as a result of his failure to conduct a reasonable investigation by *inter alia* failing to obtain the victim's medical records and interviewing and/or calling her treating doctor.

While the Court continues to believe that Petitioner is not entitled to a writ of habeas corpus for the reasons set forth in its opinion and order of April 16, 2010, the Court believes that the issue specifically identified above– i.e. his ineffective assistance of counsel claim related to his trial counsel's failure to conduct a reasonable investigation– may be "debatable among jurists of reason." For this reason, the Court does not believe

that Petitioner should be denied the opportunity to seek appellate review of this issue.

The Court does not find the remaining issues raised in the petition debatable among

jurists of reason.

Accordingly, the Court holds that Petitioner is entitled to a certificate of

appealability with respect to the following issue, only:

      (1)    Whether Petitioner was denied the effective assistance
               of trial counsel as a result of counsel's failure to
               conduct a reasonable investigation.

**SO ORDERED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Joseph Leonard, #211548
Carson City Correctional Facility
10274 Boyd Road, P.O. Box 5000
Carson City, MI 48811

Heather S. Meingast, Esq.